# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3322

_____

Anheuser-Busch, Inc.,       *
      *
        Appellee,       *
      *   Appeal from the United States
    v.       *   District Court for the Eastern
      *   District of Missouri.
Brewers & Maltsters, Local Union       *
No. 6, International Brotherhood of       *     [UNPUBLISHED]
Teamsters, AFL-CIO,       *
      *
        Appellant.       *

_____

Submitted: April 12, 2000

Filed: April 19, 2000

_____

Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

After Dennis Ferguson, a worker at an Anheuser-Busch, Inc. brewery, twice violated Plant Rule 16, which prohibits employees from leaving the workplace during working hours without a supervisor's authorization, Ferguson was subject to immediate termination. Nevertheless, Anheuser-Busch gave Ferguson a chance to continue his employment if he agreed to a "Last Chance Agreement" (LCA). Ferguson accepted the agreement's terms, which provided any future violations of Rule 16 by Ferguson would be cause for discharge. The agreement also said it was the "exclusive remedy" between

the parties, and if either party disputed whether Ferguson had breached the agreement, the dispute would be submitted to arbitration. The arbitrator's jurisdiction would be "restricted solely to determining whether Mr. Ferguson violated the terms of [the] agreement," and the arbitrator would have "no authority or discretion to prescribe different discipline from that imposed by the employer," or to "add to, detract from, or alter [the] agreement in any way."

Ferguson later left work during the work day without a supervisor's permission, and Anheuser-Busch fired him. Ferguson's union contested the discharge and Anheuser-Busch denied the grievance. The union then pursued arbitration. Although the arbitrator found Ferguson had violated Rule 16, the arbitrator declined to impose termination and instead used the collective bargaining agreement to impose disciplinary suspension followed by reinstatement with back pay. Anheuser-Busch filed this action to set aside the arbitrator's decision and award. The union counterclaimed seeking enforcement. Faced with cross-motions for summary judgment, the district court granted Anheuser-Busch's motion and vacated the arbitrator's decision and award. The district court concluded the arbitrator had exceeded his authority under the agreement's plain and unambiguous terms and had imposed his own brand of justice by reducing Ferguson's punishment. The union appeals.

We conclude the district court correctly decided the case. The LCA controls review of the arbitrator's award, which cannot be sustained if the arbitrator went outside the LCA in constructing the award. See Coca-Cola Bottling Co. v. Teamsters Local Union No. 688, 959 F.2d 1438, 1441 (8th Cir. 1992). When an "employee fails to measure up as promised in a last chance agreement, the [employer] may proceed to administer the discipline earlier suspended, without reference to the collective bargaining agreement." Id. at 1440 (quoted case omitted). Here, once the arbitrator concluded Ferguson had violated Rule 16, the LCA required the arbitrator to uphold the bargained-for remedy--termination. The arbitrator exceeded his authority by substituting a different remedy, which the LCA expressly prohibited. Having

-2-

considered and rejected the union's arguments to the contrary, we affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.